## HARRY T. MILLS *v.* J. D. MENDONCA.

ERROR TO DISTRICT MAGISTRATE OF HONOLULU, OAHU.

ARGUED FEBRUARY 24, 1909.  DECIDED MARCH 1, 1909.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

CONTRACTS—*consideration—compromise of doubtful claim.*

> An agreement by the defendant to pay a certain sum as the value of a horse claimed to have been killed by defendant's horse is based upon sufficient consideration.

OPINION OF THE COURT BY BALLOU, J.

The plaintiff as assignee of the claim of Sun Wah Kee brought suit before the district magistrate of Honolulu alleging

that the defendant was indebted to Sun Wah Kee in the sum of $35 for the price and value of a certain horse injured and killed by and through said defendant, the defendant agreeing to pay the sum of $35, the agreed value of said horse, and being so indebted the defendant afterwards undertook and faithfully promised to pay said $35 upon request; with allegations of demand and refusal, except as to $5 which had been paid on account. Afterwards the plaintiff amended by adding a second count alleging an account stated, and obtained judgment for $30, with interest and costs. The defendant brings this writ of error.

The declaration does not state an action in tort and the assignment of error alleging misjoinder of tort and contract was properly abandoned in this court. There was no evidence of an account stated, which must be predicated upon previous transactions of a monetary character, but there is abundant evidence to sustain the first count. According to the testimony given for the plaintiff the horse of Sun Wah Kee was kept in the same yard with a horse of the defendant and one morning was found dead. Sun Wah Kee went to the defendant and claimed that the defendant's horse had killed his horse by kicking it, and demanded payment of $50. After some bargaining the defendant agreed to pay $35 and afterwards paid $5 on account.

The defendant's promise being in compromise of a doubtful and unliquidated claim in tort was given upon sufficient consideration and the agreement was binding upon both parties. 6 A. & E. Enc. Law 711, 715. It was neither necessary nor proper to prove at the trial of this case whether the circumstances justified the original claim or not, the modern and better rule being that the compromise of even a groundless claim, so long as it is bona fide, is consideration. *Callisher v. Bischoffsheim,* L. R. 5 Q. B. 449. In this case the facts that the claim was made in good faith, and $5 paid upon it are undisputed,

and the district magistrate found the agreement for settlement to be as testified to by the witnesses for the plaintiff. We find no error in the record.

The judgment is affirmed.

*A. S. Humphreys* for plaintiff.

*J. A. Magoon* for defendant.